IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES L. SMITH,
    Petitioner,

vs.                                 Case No. 3:09cv184/RV/EMT

KENNETH S. TUCKER,[1]
    Respondent.
_____/

### ORDER and REPORT AND RECOMMENDATION

       This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1).  Respondent filed an answer and relevant portions of the state court record (doc. 19).  Petitioner filed a reply (doc. 27).

       The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.     BACKGROUND AND PROCEDURAL HISTORY

       The relevant aspects of the procedural background of this case are undisputed by the parties and established by the state court record (*see* doc. 19, Exhibits).[2]  Petitioner was charged in the Circuit Court in and for Okaloosa County, Florida, with one count of burglary of an unoccupied

---

[1] Kenneth S. Tucker succeeded Edwin G. Buss, who succeeded Walter A. McNeil, as Secretary for the Department of Corrections.  Secretary Tucker is automatically substituted as Respondent.  *See* Fed. R. Civ. P. 25(d)(1).

[2] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (doc. 19).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

structure (Count I) and one count of criminal mischief (Count II) (Ex. A).  Following a jury trial on March 6, 2006, he was found guilty of attempted burglary of an unoccupied structure and criminal mischief (Exs. B, D).  He was sentenced on April 10, 2006, as a habitual felony offender to ten (10) years of imprisonment on Count I and a concurrent term of sixty (60) days of imprisonment on Count II, with presentence credit of 205 days on both counts (Exs. E, F, G).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D06-2011 (Ex. H).  Petitioner's counsel filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious arguments to support the contention that reversible error occurred in the trial court (Ex. I).  Petitioner did not file a pro se initial brief.  The First DCA affirmed the judgment per curiam without written opinion on Mach 28, 2007 (Ex. J).  Smith v. State, 953 So. 2d 523 (Fla. 1st DCA 2007) (Table).  Petitioner did not seek further review.

On September 28, 2007, Petitioner filed a pro se motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. K).  On March 31, 2008, the state circuit court summarily denied the motion (Ex. M).  Petitioner appealed the decision to the First DCA, Case No. 1D08-2198 (Ex. N).  The First DCA affirmed the decision per curiam without written opinion on September 29, 2008, with the mandate issuing November 24, 2008 (Ex. O). Smith v. State, 994 So. 2d 308 (Fla. 1st DCA 2008) (Table).

Petitioner filed the instant federal habeas action on April 26, 2009 (doc. 1).  Respondent concedes the petition is timely (doc. 19 at 3–4).

II. STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214, 1218–19.  In relevant part, section 2254(d) now provides:

>     (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>         (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>         (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3]  The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id., 529 U.S. at 412–13 (O'Connor, J., concurring); Ramdass v. Angelone, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000).  In employing this test, the Supreme Court has instructed that on any issue raised in a federal habeas petition upon which there has been an adjudication on

---

[3] Unless otherwise noted, references to Williams are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." Lockyer v. Andrade, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." Neelley v. Nagle, 138 F.3d 917, 923 (11th Cir. 1998), *overruled on other grounds by* Parker v. Head, 244 F.3d 813, 835 (11th Cir. 2001).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" Lockyer, 538 U.S. at 73 (quoting Williams, 529 U.S. at 405–06). The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) (quoting Williams, 529 U.S. at 405–06). If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409. Whether a State court's decision was an unreasonable application of a legal principle must be assessed in light of the record the court had before it. Holland v. Jackson, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737–38, 159 L. Ed. 2d 683 (2004) (per curiam); *cf.* Bell v. Cone, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law

occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). "In determining whether a state court's decision represents an unreasonable application of clearly established federal law, a federal court conducting habeas review 'may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" Gill v. Mecusker, — F.3d —, 2011 WL 609844, at *13 (11th Cir. Feb. 23, 2011) (quoting Williams, 529 U.S. at 411) (citing Harrington v. Richter, — U.S. —, 131 S. Ct. 770, 786–87 (Jan. 19, 2011)). The AEDPA's "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it. *See* Gill, supra at *17 (citing Harrington, 131 S. Ct. at 786). Under § 2254(d), a habeas court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *See* Harrington, 131 S. Ct. at 786; *see also* Gill, *supra,* at *18 (the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts).

     Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (dictum).

     When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the

petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see e.g.* Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"); Jones v. Walker, 469 F.3d 1216, 1226–27 (11th Cir. 2007) (holding that § 2254(d)(2)'s "unreasonable determination" standard "must be met by clear and convincing evidence," and concluding that that standard was satisfied where prisoner showed "clearly and convincingly" that the state court's decision "contain[ed] an 'unreasonable determination' of fact."). The "unreasonable determination of the facts" standard is only implicated to the extent that the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See* Gill, 2010 WL 609844, at * 18. A petitioner is not entitled to relief unless he demonstrates by clear and convincing evidence that the record reflects an insufficient factual basis for affirming the state court's decision. *Id.*

Only if the federal habeas court finds that the petitioner satisfied AEDPA, and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See* Panetti v. Quarterman, 531 U.S. 930, 953, 127 S. Ct. 2842, 2858, 168 L. Ed. 2d 662 (2007); Jones, 469 F.3d 1216 (same). The writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

Within this framework, the court will review Petitioner's claim.

III. PETITIONER'S CLAIM

<u>Ground One: "Denial of effective assistance of counsel—failing to object to jury instruction on attempted burglary lesser included offense."</u>

Petitioner contends trial counsel was ineffective for failing to object to the jury instruction on the lesser included offense of attempted burglary of an unoccupied structure on two grounds: (1) there was no evidence to support the instruction, and (2) attempted burglary of an unoccupied structure was not alleged in the charging document (doc. 1 at 4, 6–12; doc. 27 at 1–11). As to the first ground, Petitioner argues attempted burglary is a permissive or Category 2 lesser included offense, not a necessary or Category 1 lesser included offense; therefore, it should have been given

only if there was evidence to support it (doc. 1 at 9; doc. 27 at 7–8). He states the evidence adduced at trial clearly showed that a "completed" burglary of an unoccupied structure (a storage unit) occurred, including the following: (1) the storage unit door was open, (2) a generator inside the unit had been moved by someone, (3) additional items (a roll of wire and a microwave oven) had been left inside the storage unit, (4) part of the lock was placed inside the unit by someone, and (5) someone had been inside the storage unit (doc. 1 at 8, 10–11; doc. 27 at 4–5). Therefore, the trial came down to whether there was evidence of intent to commit an offense in the structure (doc. 1 at 8, 10–11; doc. 27 at 5). He argues if the evidence of intent was sufficient, the jury should have convicted of burglary; but since the evidence of intent was not sufficient (there was no evidence of intent to take anything out of the storage unit; instead it showed items were placed inside the unit), the jury should have convicted of trespass (doc. 1at 9; doc. 27 at 5–6). Petitioner contends in the absence of evidence to support the attempt instruction, the instruction confused the jury by leading them to believe attempt was the lesser of the two evils, when in fact it carried the same penalty (doc. 1 at 8, 10; doc. 27 at 5–6, 9–10). As to Petitioner's second ground for objecting to the attempt instruction, he argues the instruction on a permissive lesser included offense is appropriate only if the allegations in the charging document contain all of the elements of the lesser included offense, pursuant to Rule 3.510 of the Florida Rules of Criminal Procedure (doc. 1 at 9; doc. 27 at 1–2, 7–9). Petitioner argues the charging document did not do so in his case (doc. 1 at 9, 11; doc. 27 at 5–6). He contends if counsel had objected to the attempt instruction, the jury would have convicted him of trespass instead of attempted burglary (doc. 1 at 11–12; doc. 27 at 10).

Respondent argues it appears Petitioner exhausted both aspects of his claim by presenting them in his Rule 3.850 motion and appealing the state circuit court's summary denial (doc. 19 at 9, 18). Respondent contends Petitioner failed to show the state court's adjudication of the claim was contrary to or an unreasonable application of clearly established federal law (*id.* at 8–22).

    A.    Clearly Established Federal Law

The standard for evaluating claims of ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To obtain relief under Strickland, Petitioner must show (1) deficient performance by counsel and (2) a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have

been different.  466 U.S. at 687–88.  If Petitioner fails to make a showing as to either performance or prejudice, he is not entitled to relief.  *Id.* at 697.  Thus, this court need not address the prejudice prong if the court determines that the performance prong is not satisfied.  Turner v. Crosby, 339 F.3d 1247, 1279 (11th Cir. 2003); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.") (citation omitted).

"The petitioner's burden to prove, by a preponderance of the evidence, that counsel's performance was unreasonable is a heavy one." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006) (citing Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc)).  The focus of inquiry under the performance prong is "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688–89.  "Judicial scrutiny of counsel's performance must be highly deferential," and courts should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  *Id.* at 689.  If the record is not complete regarding counsel's actions, "then the courts should presume 'that what the particular defense lawyer did at trial—for example, what witnesses he presented or did not present—were acts that some lawyer might do." Jones, 436 F.3d at 1293 (citing Chandler, 218 F.3d at 1314–15 n.15).  Furthermore, "[e]ven if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so."  Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994).  Counsel's performance is deficient only if it is "outside the wide range of professional competence." Jones, 436 F.3d at 1293 (citing Strickland, 466 U.S. at 690); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").  "[T]here are no 'absolute rules' dictating what reasonable performance is or what line of defense must be asserted." Michael v. Crosby, 430 F.3d 1310, 1320 (11th Cir. 2005) (quoting Chandler, 218 F.3d at 1317). Indeed, "'[a]bsolute rules would interfere with counsel's independence—which is also constitutionally protected—and would restrict the wide latitude counsel have in making tactical decisions.'"  *Id.* (quoting Putman v. Head, 268 F.3d 1223, 1244 (11th Cir. 2001)).

As to the prejudice prong of the Strickland standard, Petitioner's burden of demonstrating prejudice is high. *See* Wellington v. Moore, 314 F.3d 1256, 1260 (11th Cir. 2002). The Supreme Court has cautioned that "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Id.* (quoting Strickland, 466 U.S. at 693). However, the Court has also clarified that a petitioner need not demonstrate it "more likely than not, or prove by a preponderance of evidence," that counsel's errors affected the outcome. Strickland, 466 U.S. at 693–94. Instead,

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Id.* at 694. Indeed, it would be "contrary to" the law clearly established in Strickland for a state court to reject an ineffectiveness claim for failing to prove prejudice by a preponderance of the evidence. Williams v. Taylor, 529 U.S. at 405–06.

The prejudice assessment does "not depend on the idiosyncracies of the particular decisionmaker," as the court should presume that the judge or jury acted according to law. Strickland, 466 U.S. at 694–95. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695.

    B.  Federal Review of State Court Decision

Petitioner raised this ineffective assistance of counsel claim as the sole ground for relief in his Rule 3.850 motion (Ex. K at 2–8). In the written order denying Petitioner's motion, the state circuit court correctly identified the Strickland standard as the controlling legal standard (Ex. M at 42). The state circuit court found as fact that the following evidence was adduced at Petitioner's trial. Terry Phillips, the victim, observed a man standing outside his (Phillips') storage unit at Azalea Self Storage on March 9, 2005 (*id.* at 41). In addition to the door of his storage unit being open, Mr. Phillips noticed that the lock had been cut off, and some of the stored items had been moved to the front of the unit (*id.*). Mr. Phillips testified the man drove away after the two had a brief encounter (*id.*). Mr. Phillips wrote down the man's license plate number and contacted police (*id.* at 41–42). Mr. Phillips ultimately identified Petitioner as the man he saw at the storage unit (*id.*

at 42). Petitioner also testified at his trial. He testified he stopped at the storage facility before driving to Tampa to visit his sick mother (*id.*). Petitioner testified his purpose in stopping at the factility was to "get high" (*id.*). Petitioner testified that while he was at the storage facility, he began throwing trash from the back of his truck into a nearby dumpster (*id.*). He testified Mr. Phillips drove up behind im and accused him of breaking into his unit (*id.*). Petitioner testified he did not break into and enter Mr. Phillips' storage unit (*id.*).

The state circuit court determined that under Florida law, to prove the crime of attempted burglary, the State was required to prove Petitioner "'(1) did some act toward committing the crime of burglary that went beyond just thinking . . . about it . . . and (2) would have committed the crime except that someone prevented him from committing the crime of Burglary.'" (Ex. M at 43). The state court also determined that state law precluded the trial court from giving an instruction on a permissive included offense only if there was a "'total lack of evidence of the lesser included offense. . . .'" (*id.*) (quoting Green v. State, 850 So. 2d 597 (Fla. 4th DCA 2003). The state circuit court determined that the instruction on attempt was appropriate because the State presented strong circumstantial evidence that Petitioner had burglarized the storage unit, but there was no direct evidence that Petitioner actually entered the unit (*id.*). The court also determined that the jury could have inferred from the evidence that Petitioner attempted to burglarize the storage unit but was not able to complete the crime due to the unexpected arrival of Mr. Phillips (*id.*). The court concluded an objection by defense counsel would have been overruled by the trial court and therefore denied his claim of ineffective assistance of counsel (*id.*).

Petitioner appealed the state circuit court's decision to the First DCA. The appellate court affirmed per curiam without written opinion. As previously discussed, when faced with a state appellate court's summary affirmance of a trial court's decision, the "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it. *See* Gill, 633 F.3d at 1287 (citing Harrington, 131 S. Ct. at 786). The federal court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *See* Harrington, 131 S. Ct. at 786; *see also* Gill, 633 F.3d at 1292 (holding that the federal district court may rely on grounds

other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts).

The Supreme Court has repeatedly held that a state court's interpretation of state law binds a federal court sitting in habeas corpus. *See* Bradshaw v. Richey, 546 U.S. 74, 76, 126 S. Ct. 602 (2005) (citation omitted); Mullaney v. Wilbur, 421 U.S. 684, 691, 95 S. Ct. 1881, 44 L. Ed. 2d 508 (1975) (citations omitted); *see also* Herring v. Sec'y Dep't of Corr., 397 F.3d 1338, 1354–55 (11th Cir. 2005) ("The Florida Supreme Court already has told us how the issues would have been resolved under Florida state law had [petitioner's counsel] done what [petitioner] argues he should have done [that is, made a certain objection] . . . . It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'") (internal quotation omitted). Therefore, this court must defer to the following determinations of the state court: (1) attempted burglary is a permissive lesser included offense of burglary; (2) the elements of attempted burglary are that the defendant did some act toward committing the crime of burglary that went beyond just thinking about it, and he would have committed the crime of burglary except that someone prevented him from committing it; and (3) state law precluded the trial court from giving an instruction on a permissive included offense only when there was a total lack of evidence of the lesser included offense. As relevant to Petitioner's case, the crime of burglary is defined as (1) entering a structure owned by another, and (2) at the time of entering, having the intent to commit a theft in that structure. *See* Fla. Stat. § 810.02; The Florida Bar, Florida Standard Jury Instructions in Criminal Cases, Part Two: Instructions on Crimes, Chp. 13, Burglary and Trespass, § 13.1 Burglary (7th Ed. 2010).

Florida law refutes Petitioner's argument that the trial court's giving the attempt instruction violated Rule 3.510(a) of the Florida Rules of Criminal Procedure, because the charging document did not charge the offense of attempt. Rule 3.510 provides:

> On an indictment or information on which the defendant is to be tried for any offense the jury may convict the defendant of:

> (a) an attempt to commit the offense if such attempt is an offense and is supported by the evidence. The judge shall not instruct the jury if there is no evidence to support the attempt and the only evidence proves a completed offense; or
>
> (b) any offense that as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence.

Fla. R. Crim. P. 3.510 (2003). Under the plain language of Rule 3.510(a), there is no requirement for attempt to be specifically pleaded in the charging document for a judge or jury to find the defendant guilty of attempt to commit the crime charged, if such attempt is an offense and is supported by the evidence. *See* F.N. v. State, 745 So. 2d 1149, 1150 (Fla. 4th DCA 1999); 14B Fla. Jur. 2d Crim. Law—Procedure § 1271.

Additionally, under Florida law, instructions on completed lesser-included offenses are required despite ample evidence of the primary, more serious offense. Clark v. State, 43 So. 3d 814, 817 (Fla. 1st DCA 2010). "A trial court must charge the jury on a permissive, lesser-included offense 'even though the evidence adduced at trial establishing this lesser offense also establishes the charged offense.'" *Id.* (quoting Jones v. State, 666 So. 2d 960, 965 (Fla. 3d DCA 1996) and citing Amado v. State, 585 So. 2d 282, 283 (Fla. 1991) (holding the trial court committed reversible error in refusing the requested instruction on simple drug possession in a case in which the charge was trafficking cocaine, even though "the evidence was overwhelming that the amount of drugs involved in this transaction exceeded twenty-eight grams")). "'Whether the evidence is susceptible of inference by the jury that the defendant is guilty of a lesser offense than that charged is a critical evidentiary matter exclusively within the province of the jury.'" Clark, 43 So. 3d at 817 (quoting State v. Bruns, 429 So. 2d 307, 309–10 (Fla. 1983)).

In this case, there was evidence to support an attempted burglary instruction. The trial transcript confirms the state court's factual findings as to the evidence adduced at trial (Ex. B at 84–115, 138–56). The trial transcript also includes additional testimony that supported an attempt instruction. Mr. Phillips testified that when he drove up to his storage unit, he noticed the door to his unit was all the way open (Ex. B at 86). Phillips saw the back of Petitioner's pick-up truck at the front of the storage unit, and Petitioner was standing between the rear of his truck and the door

of the storage unit (*id.* at 86–88). Mr. Phillips testified he saw tools and other "stuff" pushed to the sides of the back of Petitioner's truck and on the top of the tool box of Petitioner's truck, and Phillips saw that his generator had been pulled to the front of his storage unit (*id.* at 89, 93–95). Mr. Phillips observed that the top of the lock from his storage unit door had been cut off and was laying on the ground, and the bottom of the lock was inside the unit (*id.* at 91, 94). He also observed that two items had appeared in his unit which were not his, namely, a roll of wire and a microwave oven (*id.* at 93–94). Phillips admitted he never actually saw Petitioner inside his unit, and he never saw Petitioner move his generator (*id.* at 96–97). Phillips also admitted he did not see any bolt cutters or other tools capable of cutting the lock in the back of Petitioner's truck (*id.* at 100). He admitted Petitioner did not take anything from his unit (*id.*).

There was no physical evidence that Petitioner touched the lock, the generator, or the door to the storage unit (*id.* at 125–27). Petitioner testified he removed a microwave oven and wire from the back of his truck and placed in on the ground near a dumpster, and then left it behind when he drove away (*id.* at 143–44, 152). Petitioner testified he never intended to break into anyone's storage unit, never cut the lock off Mr. Phillips' storage unit, never entered the storage unit, and never moved the generator (*id.* at 145–46).

Based upon the trial evidence, the state court reasonably concluded the trial court would have overruled an objection to the attempt instruction because (1) there was strong circumstantial evidence that Petitioner burglarized the storage unit, but there was no direct evidence Petitioner actually entered the unit, and Petitioner denied entering the unit; and (2) the jury could have inferred from the evidence that Petitioner attempted to burglarize the storage unit but was foiled or interrupted by the arrival of Mr. Phillips. Additionally, Petitioner failed to show a reasonable probability that the result of his trial would have been different if counsel had objected to the instruction. Therefore, he failed to establish that the state court's denial of his ineffective assistance of counsel claim was contrary to or an unreasonable application of Strickland. Accordingly, he is not entitled to federal habeas relief.

IV.   CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant,"

and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

The clerk of court is directed to change the docket to reflect that Kenneth S. Tucker is substituted for Walter A. McNeil as Respondent.

And it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (doc. 1) be **DENIED**.
2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 19th day of September 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**